IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

KIRBY BARKER,

        Petitioner,

  v.

JOHN KROGER, Oregon Attorney
General; and JEFF THOMAS, Warden,

        Respondents.

Civil No. 09-618-BR

ORDER

BROWN, Judge.

    Petitioner, an inmate at FCI Sheridan, filed this habeas corpus action *pro se*.[1] Petitioner named as Respondents Oregon Attorney General John Kroger and FCI Sheridan Warden Jeff Thomas. Petitioner cited 28 U.S.C. § 2241 as the basis of jurisdiction. Currently before the Court is Respondent Jeff Thomas' Motion to

---

[1] This Court subsequently appointed counsel to represent Petitioner.

1 - ORDER -

Dismiss (#11). For the reasons that follow, the Court DENIES the Motion.

## BACKGROUND

On June 12, 2003, Petitioner pleaded guilty in the United States District Court for the District of Oregon to charges of Distribution of Methamphetamine, Receipt of Unregistered Firearm, and Unlawful Transport of Firearms. On September 16, 2004, the Honorable Michael R. Hogan sentenced Petitioner to two concurrent terms of 87 months of imprisonment, to be followed by five years of supervised release.

At the time of his federal sentencing, Petitioner had pending in state court (Jackson County Circuit Court) charges of Robbery in the First Degree, Kidnap, and Theft. On April 18, 2005, Petitioner was sentenced on these charges to 90 months of imprisonment, to run concurrently with his federal sentence.

In his Petition for Writ of Habeas Corpus before this Court, Petitioner does not challenge the legality of his federal custody.[2] Instead, Petitioner alleges the State of Oregon violated his Fourteenth Amendment rights by denying him credit against his

---

[2] On September 12, 2005, Petitioner filed a Motion to Vacate or Correct Sentence, pursuant to 28 U.S.C. § 2255, with the sentencing court. There, Petitioner alleged federal authorities improperly denied him credit for time served. Judge Hogan held Petitioner properly received prior custody credit in accordance with federal law, and that his federal sentence reflected that proper sentence computation.

2 - ORDER -

state sentence for some period of "time served." Given these facts, this Court construed the Petition as brought under 28 U.S.C. § 2254 and ordered the Petition served upon both named Respondents.

The Federal Bureau of Prisons ("BOP") moves to dismiss the Petition for Writ of Habeas Corpus as to Respondent Jeff Thomas on the basis that Petitioner states no claim pertaining to his federal sentence. The issue for this Court is whether Warden Thomas is properly named as a Respondent in this action challenging Petitioner's state court conviction.

## DISCUSSION

The federal habeas corpus statute gives the United States district courts jurisdiction to entertain petitions for habeas relief only for persons who are "'*in custody*' in violation of the Constitution or laws or treaties of the United States." *Maleng v. Cook*, 490 U.S. 488, 490 (1989) (quoting 28 U.S.C. § 2241(c)(3) and 28 U.S.C. § 2254(a)) (emphasis added). "[T]he proper respondent to a habeas petition is 'the person who has custody' over [the petitioner]." *Rumsfeld v. Padilla*, 542 U.S. 426, 434 (2005).

"[T]here is generally only one proper respondent to a given prisoner's habeas petition." *Padilla*, 542 U.S. at 434-35. This "custodian" is "'the person' with the ability to produce the prisoner's body before the habeas court." *Id*. In habeas

3 - ORDER -

challenges to "present physical confinement . . . the default rule is that the proper respondent is the warden of the facility where the prisoner is being held." *Id*. at 435. Nonetheless, "the immediate physical custodian rule, by its terms, does not apply when a habeas petitioner challenges something other than his present physical confinement." *Id*. at 438.

Under Rule 2(b) of the Rules Governing 2254 Cases in the United States District Courts, a petitioner who is not challenging his present physical confinement on a conviction but is challenging future custody on a separate state conviction must name as respondents "both the officer who has current custody and the attorney general of the state where the judgment was entered." The Advisory Committee Notes to subdivision (b) of Rule 2 note that "if the petitioner is held in federal custody and is physically restrained, then the proper respondents are 'the federal officer who has official custody at the time the petition is filed and the attorney general of the state whose action subjects the petitioner to future custody.'" *Sullivan v. Federal Bureau of Prisons*, 2008 WL 1830154 *1 (D. Colo. 2008).

"The purpose of naming the federal custodian as a respondent is to ensure that such custodian receives notice of the action and any award of habeas relief." *Id*. This is not to say the federal respondent is expected to defend the petitioner's substantive challenge. *Id*. "Rather, it falls upon the state attorney general

4 - ORDER -

to respond to a petitioner's challenge to a state court sentence." *Id*.

Here, Petitioner is currently subject to physical custody under the federal authority of Respondent Thomas. Even though Petitioner is not challenging the legality of his federal custody, Warden Thomas nonetheless remains a necessary Respondent to this action. Because Petitioner's 90-month state sentences (imposed to run concurrently with his federal sentence) exceed the length of his federal sentence, Petitioner presumably will be surrendered to the custody of the state to complete his state sentences at the conclusion of his federal time. In the event Petitioner prevails on his challenge to the computation of his "time served" credit against his state sentences, it is possible his state term could expire prior to his federal sentence, in which case he would be released to federal supervision and not into state custody.

## CONCLUSION

For these reasons, the Court DENIES Respondent Jeff Thomas's Motion to Dismiss (#11). Nonetheless, Respondent Thomas shall have no further briefing responsibilities in this action.

IT IS SO ORDERED.

DATED this  29th  day of March, 2010.

                 /s/ Anna J. Brown
                 ANNA J. BROWN
                 United States District Judge