IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

KIRBY BARKER,

        Petitioner,

v.

JOHN KROGER, Oregon Attorney
General; and JEFF THOMAS, Warden,

        Respondent.

Case No. 3:09-cv-00618-BR

OPINION AND ORDER

**AMY BAGGIO**
Assistant Federal Public Defender
101 SW Main Street
Suite 1700
Portland, OR  97204

    Attorney for Petitioner

**ELLEN F. ROSENBLUM**
Attorney General
**KRISTEN E. BOYD**
Assistant Attorney General
Department of Justice
1162 Court Street NE
Salem, OR  97301

    Attorneys for Respondent Kroger

1 - OPINION AND ORDER -

S. AMANDA MARSHALL
United States Attorney
District of Oregon
RONALD K. SILVER
Assistant United States Attorney
1000 SW Third Avenue
Suite 600
Portland, OR 97204

Attorneys for Respondent

**BROWN, Judge.**

Petitioner, an inmate currently confined at the Mill Creek Correctional Facility, brings this habeas corpus action pursuant to 28 U.S.C. § 2254. For the reasons that follow, the Court DENIES Petitioner's Amended Petition for Writ of Habeas Corpus [#30].

## BACKGROUND

In April 2002, Petitioner participated in a home invasion robbery. On July 23, 2002, Petitioner was arrested on federal drug and weapons charges unrelated to the home invasion robbery. He was released from federal custody pursuant to a pre-trial security release agreement the following day.

On April 9, 2003, Jackson County authorities arrested Petitioner on state charges of Robbery in the First Degree with a Firearm, Kidnapping in the First Degree, Kidnapping in the Second Degree, and Theft in the First Degree, all of which arose from the April 2002 home invasion robbery. On April 10, 2003, Petitioner

was released from state custody pursuant to a pre-trial security release agreement.

On May 13, 2003, Petitioner was arrested again on the federal charges because he violated the terms of his federal pre-trial release agreement. The pre-trial security release agreement was revoked, and Petitioner was held in custody on the federal charges in the Jackson County Jail.

On May 29, 2003, while incarcerated on his federal charges, Petitioner's pre-trial security release agreement was revoked in the state case, and he was "arrested" again on the state charges for violating the terms of his state release agreement. So as of May 29, 2003, Petitioner was held in custody in the Jackson County Jail on both the pending federal and the pending state charges.

On June 11, 2003, Petitioner was bailed out on his state charges and released from state custody pursuant to a new pre-trial security release agreement. Despite Petitioner's "release" from state custody, he remained in custody on his pending federal charges.

On June 12, 2003, Petitioner pleaded guilty in the United States District Court to federal charges of Distribution of 50 or more grams of Methamphetamine, Unlawful Possession of a short-barreled rifle, and Unlawful Possession of a firearm.

On March 2, 2004, Petitioner's state bail was exonerated. On April 18, 2004, Petitioner was convicted in state court after he

3 - OPINION AND ORDER -

pleaded guilty to charges of Robbery in the First Degree, Kidnapping in the First Degree, Kidnapping in the Second Degree, and Theft. On September 16, 2004, District Judge Michael Hogan sentenced Petitioner on the federal charges to concurrent terms of imprisonment of 87 months and five years of post-prison supervision.

On April 18, 2005, Petitioner was sentenced on the state charges. The trial judge sentenced Petitioner to two 90-month sentences to run concurrently with each other and concurrently with the 87-month federal prison sentence previously imposed. The state judgment of conviction also provided that Petitioner "may receive credit for time served." Resp. Exh. 101.

On September 15, 2005, the Oregon Department of Corrections ("ODOC") notified Petitioner of a change in the calculation of his credit for time served. Petitioner was advised that he had previously been erroneously credited with 428 days of credit for time served against his state sentence.[1] After contact from the

---

[1] Under Or. Rev. Stat. § 137.370(2)(a), prisoners are entitled to credit for time served "after the arrest for the crime for which sentence is imposed[.]" Under Or. Rev. Stat. § 137.370(4), however, a prisoner cannot receive pre-sentence incarceration credit if the credit is to be applied toward ". . . a sentence for a crime or conduct that is not directly related to the crime for which the sentence is imposed[.]" Because Petitioner was in federal custody during the entire period in question prior to his state sentencing, and because he received credit for that time against his federal sentence, state law prohibited him from "double-counting" and receiving credit against his state sentence as well. See Randolph v. Department of Corrections, 139 Or. App.

4 - OPINION AND ORDER -

federal custodians at FCI Sheridan, ODOC altered Petitioner's sentence calculation to reflect 2 days of credit for time served, for the time Petitioner was solely in state custody following his arrest on April 9, 2003.

Petitioner did not appeal his federal or state convictions and sentences. Petitioner did seek state post-conviction relief ("PCR"). Following an evidentiary hearing, the PCR trial judge denied relief. Petitioner appealed, but the Oregon Court of Appeals affirmed without opinion and the Oregon Supreme Court denied review. *Barker v. Daniels*, 225 Or. App. 501, 201 P.3d 941, *rev. denied*, 346 Or. 184, 206 P.3d 1058 (2009).

On June 3, 2009, Petitioner filed his habeas corpus action in this Court. The Court appointed counsel to represent Petitioner, and on June 9, 2010, Petitioner's Amended Petition for Writ of Habeas Corpus was filed. In it, Petitioner alleges one ground for relief:

> Petitioner received ineffective assistance of counsel in violation of the Sixth Amendment to the United States Constitution and *Strickland v. Washington*, 466 U.S. 668, 688 (1984), when trial counsel failed to ensure that the petitioner was credited with time served in the county jail. Specifically, trial counsel misadvised petitioner that he would receive credit toward his state sentence for the 426 extra days he spent in jail assisting the state in its prosecution of his co-defendants. In the post-conviction proceedings, trial counsel admitted he was unaware of Oregon's jail credit statute that

---

79, 81, 910 P.2d 1171, *rev. denied*, 323 Or. 114, 913 P.2d 1384 (1996).

5 - OPINION AND ORDER -

precluded the award of credit for time served. Had petitioner known that he would not receive the credit, he would not have entered a plea and the outcome of the proceedings would have been different.

Respondent contends Petitioner's claim is procedurally defaulted.[2]

## LEGAL STANDARDS

A habeas petitioner must exhaust his claims by fairly presenting them to the state's highest court, either through a direct appeal or collateral proceedings, before a federal court will consider the merits of those claims. *See* 28 U.S.C. § 2254(b)(1)(A). *Rose v. Lundy*, 455 U.S. 509, 519 (1982). "As a general rule, a petitioner satisfies the exhaustion requirement by fairly presenting the federal claim to the appropriate state courts . . . in the manner required by the state courts, thereby 'affording the state courts a meaningful opportunity to consider allegations of legal error.'" *Casey v. Moore*, 386 F.3d 896, 915-916 (9th Cir. 2004) (quoting *Vasquez v. Hillery*, 474 U.S. 254, 257, (1986)).

A petitioner is deemed to have "procedurally defaulted" his claim if he failed to comply with a state procedural rule, or failed to raise the claim at the state level at all. *Edwards v. Carpenter*, 529 U.S. 446, 451 (2000); *Coleman v. Thompson*, 501 U.S.

---

[2]Respondent argues in the alternative that Petitioner is not entitled to relief on the merits. In light of the finding that the claim is procedurally defaulted, the Court does not address this argument.

6 - OPINION AND ORDER -

722, 750 (1991). If a petitioner has procedurally defaulted a claim in state court, a federal court will not review the claim unless the petitioner shows "cause and prejudice" for the failure to present the constitutional issue to the state court, or makes a colorable showing of actual innocence. *Gray v. Netherland*, 518 U.S. 152, 162 (1996); *Sawyer v. Whitley*, 505 U.S. 333, 337 (1992); *Murray v. Carrier*, 477 U.S. 478, 485 (1986).

Ineffective assistance of counsel claims are discrete and must be properly raised in order to avoid procedural default. *Carriger v. Stewart*, 971 F.2d 329, 333-34 (9th Cir. 1992). Petitioners "must plead their claims with considerable specificity before the state courts in order to satisfy the exhaustion requirement." *Rose v. Palmateer*, 395 F.3d 1108 (9th Cir.), *cert. denied*, 545 U.S. 1144 (2005) (citations omitted).

In addition, a petitioner must "articulate the substance of an alleged violation with some specificity." *Id*. By way of example, in *Rose* the Ninth Circuit referenced a prior case:

> In *Kelly v. Small*, 315 F.3d 1063 (9th Cir. 2003), we held that although the petitioner had exhausted a claim of ineffective assistance based on counsel's failure to object to several instances of alleged prosecutorial misconduct, the petitioner had not exhausted a related ineffective assistance claim that was premised on counsel's failure to file a motion to recuse the prosecutor based on that same misconduct. *Id*. at 1068, n.2. We held that "it was incumbent upon Petitioner to set forth the alleged failure to file a motion to recuse as an independent constitutional claim in order to give the California Supreme Court a 'full and fair

7 - OPINION AND ORDER -

opportunity' to act upon it, rather than hope that the court would infer this Sixth Amendment claim from the related failure to object." *Id*.

*Rose*, 395 F.3d at 1111-1112.

## DISCUSSION

In his Amended Petition for Post-Conviction Relief, Petitioner alleged the following claims:

> Petitioner believes his sentence . . . has been illegally executed because he has received only two days credit for time served in this case. This has resulted in a substantial denial of petitioner's rights in violation of ORS 138.530, because he was denied adequate assistance of trial counsel under the Sixth and Fourteenth Amendments to the United States Constitution, and under Article I, Section 11 of the Oregon Constitution. Trial counsel failed to provide legal advice and services which met the minimum standards of a criminal defense attorney as follows:
>
> With respect to attorney David M. Orf:
>
> (a) He failed to file a motion in June of 2003 to exonerate petitioner's bail in the above-mentioned State case so petitioner could receive credit for time served, after said attorney became aware that petitioner would remain in custody because he would not be released on his Federal charges.
>
> With regard to attorney Eric Chase, and the Chase Law Group:
>
> (a) These attorneys failed to file a motion in July of 2003 to exonerate petitioner's bail in the above-mentioned State case so petitioner could receive credit for time served, after said attorneys became aware that petitioner would remain in custody because he would not be released on his Federal Charges.
>
> With regard to attorney Jay W. Frank:

> (a) He failed to file a motion immediately after having been retained by petitioner, to exonerate petitioner's bail in the above-mentioned State case so petitioner could receive credit for time served after becoming aware that petitioner would remain in custody because he would not be released on his Federal charges.
>
> (b) He failed to ensure that petitioner was credited in his State case with all of the time (a minimum of 427 days) he served in custody prior to petitioner's sentencing on September 16, 2006 in the above-mentioned Federal case.

Resp. Exh. 108, pp. 3-4.

After the PCR trial judge denied relief, Petitioner appealed. He asserted one assignment of error: "[t]he post conviction court erred in denying the petition for post conviction relief based on the failure of his trial attorneys to provide effective assistance by securing for him the credit for time he served in state custody prior to and after the beginning of his federal sentence." Resp. Exh. 131, 5. In support of this claim, Petitioner argued he should be granted relief because the Oregon statute in question, Or. Rev. Stat. § 137.370 should not apply to his case because he was sentenced concurrently, not consecutively.

Petitioner also argued trial counsel was constitutionally ineffective because he failed to file a motion to exonerate Petitioner's bail, which he contended would have allowed Petitioner to receive credit for time served from the date of his arrest. As his appellate brief described it, the post-conviction proceeding involved a two-step process: "first, he had to prove

9 - OPINION AND ORDER -

that he was entitled to credit for time served in pretrial custody, as alleged in his petition, and second, that the reason he did not receive that credit was because of the ineffective assistance of his trial attorneys." Resp. Exh. 131, pp. 8-9.

Petitioner then sought review from the Oregon Supreme Court on the following legal question:

> Should the post conviction trial court have granted petitioner's petition for post conviction relief based on the ineffective assistance of trial counsel for failing to take the necessary measures to ensure petitioner was given complete credit for time served?"

Resp. Exh. 133, p. 2. Petitioner again argued his trial attorneys were ineffective because "his attorneys failed to file a motion to exonerate state bail after he pled guilty in federal court, resulting in his not receiving credit for the time he was required to be in federal custody, from June 11, 2003, until March 2, 2004, when his state security release was finally exonerated." *Id.* at pp. 3-4.

In the Amended Petition currently before this Court, Petitioner does not allege counsel was ineffective for failing to exonerate his bail or otherwise ensure he received credit against his state sentence for time served. Instead, Petitioner focuses on his trial counsel's alleged ignorance of the law and failure to

10 - OPINION AND ORDER -

properly advise Petitioner by leading him to believe he would receive credit for time served.[3]

Petitioner did not allege any such claim in his state PCR petition. Because he did not do so, this issue was never properly before the state PCR trial court. *See Bowen v. Johnson*, 166 Or. App. 89, 93 (relief under the Post-Conviction Hearing Act is only available as to claims that were actually raised in the petition or amended petition and any claim not so raised is waived unless the claim could not reasonably have been asserted at the time), *rev. denied*, 330 Or. 553, 10 P.3d 943 (2000). Moreover, the fact that evidence supporting such a claim may have first come to light in the course of the state PCR trial proceedings does not alter the fact that this discrete ineffective assistance of counsel claim was not raised on appeal or in the petition for review in the PCR proceeding.

Petitioner is now barred under Oregon law from filing any additional appeals or PCR proceedings, and, therefore, cannot fairly present the claim alleged in this action to the Oregon Courts.[4] Accordingly, Petitioner procedurally defaulted the claim

---

[3] A habeas petitioner may attack the voluntary and intelligent character of his guilty plea by showing that he received incompetent advice from counsel in connection with the entry of the plea. *Tollett v. Henderson*, 411 U.S. 258, 267 (1973).

[4] Or. Rev. Stat. § 138.071 requires that direct appeals be filed not later than 30 days after the judgment or order appealed from was entered in the register. Under Or. Rev. Stat. § 138.650,

11 - OPINION AND ORDER -

alleged in the Amended Petition for Writ of Habeas Corpus currently before this Court. Because Petitioner does not establish cause and prejudice or a fundamental miscarriage of justice to excuse the procedural default, the Amended Petition for Writ of Habeas Corpus must be dismissed.

## CONCLUSION

For these reasons, the Court **DENIES** the Amended Petition for Writ of Habeas Corpus [#30] and **DISMISSES** this action.

The Court **DENIES** a certificate of appealability as Petitioner has not made a substantial showing of the denial of a constitutional right. See 28 U.S.C. § 2253(c)(2).

IT IS SO ORDERED.

DATED this ____ day of August, 2012.

_____
ANNA J. BROWN
United States District Judge

---

PCR appeals must be filed within 30 days after the entry of judgment. Petitions for review to the Oregon Supreme Court must be filed within 35 days from the date of the Court of Appeals' decision. Or. Rev. Stat. § 2.520. Finally, under Or. Rev. Stat. § 138.550(3), all PCR claims must be asserted in the original or amended petition unless they could not reasonably have been asserted therein, and any claims no so asserted are deemed waived.

12 - OPINION AND ORDER -